No. 2-08-1185      Filed:  9-16-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07--CF--2396 |
| LUIS E. FLORES, | ) ) ) | Honorable Perry R. Thompson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

On October 2, 2007, defendant, Luis E. Flores, was indicted on two counts of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2006)), a Class X felony with a sentencing range of 6 to 30 years' imprisonment[1] (720 ILCS 5/12--14.1(b)(1) (West 2006)).  On July 17, 2008, defendant entered a blind guilty plea to one count, and the State agreed to dismiss the other count.  Defendant was sentenced to 20 years' imprisonment.  A motion to reconsider sentence

_____

[1]This is the applicable sentencing range as of the date the crime was committed.  However, an amended statute that came into effect June 1, 2008, calls for a sentencing range of 6 to 60 years' imprisonment.  See 720 ILCS 5/12--14.1(b)(1) (West 2008).  Defendant pleaded guilty on July 17, 2008, and he was sentenced on September 3, 2008; however, defendant is allowed to be penalized under the more lenient range.  See People v. Calhoun, 377 Ill. App. 3d 662, 664 (2007), quoting People v. Hollins, 51 Ill. 2d 68, 71 (1972).

was heard and denied, and defendant timely appeals, arguing that his sentence is excessive. We affirm.

According to the factual basis for the plea, Carmen Easton, an investigator for the Du Page County Children's Center, would have testified that she responded to a call regarding D.M., an eight-year-old girl. D.M. told Easton that defendant had made her perform oral sex on him in a bathroom in the home where they both resided, and that it happened more than once. Defendant stipulated to the factual basis, and the trial court accepted defendant's plea.

A sentencing hearing took place on September 3, 2008. In aggravation, police detective Charles May testified that he found D.M. locked in her basement bedroom. D.M. told May that she locked herself in the room after the latest incident because she was scared, and she said that these incidents had happened three other times at this residence and several other times where they lived previously. May also stated that, while he was at the house, defendant walked by D.M. and she grabbed onto May's right leg with both of her arms, telling him she was scared.

Then, Roberto Gonzalez, a case manager at the Children's Center, read the victim impact statement of Rosa M., D.M.'s mother. In her statement, Rosa expressed her disgust and anger at defendant, who "abused our trust and changed [D.M.'s] life forever." She also stated that since the incidents D.M. had changed from a happy, affectionate child to one who cannot trust others and is often very sad; D.M. suffers from nightmares of defendant, and she fears that defendant will hurt her again; and D.M.'s grades have fallen because she cannot stay focused. D.M. was scheduled to start counseling one week after the sentencing hearing.

In mitigation, defendant's father, Enrique Flores, testified that defendant behaved "regularly well" as a child and that, while in Mexico, defendant had no problems with government or school

authorities. Defendant came to the United States without his father when he was 15 years old. Since defendant's imprisonment, his father had visited defendant 10 or 15 times and defendant had written letters to him. Defendant repeatedly expressed remorse for his actions.

The prosecutor recommended 21 years' imprisonment, citing defendant's history of uncharged criminal conduct with another minor (D.M.'s sister), the seriousness of the present offense, the repeated violations with D.M., the need for punishment and deterrence of defendant and others, and that defendant had been a trusted member of the household. The prosecutor also mentioned defendant's illegal status.

Defense counsel asked for eight years' imprisonment based on defendant's minimal criminal history, his remorse, and the expense of incarcerating criminals. Defense counsel noted that the uncharged conduct was with D.M.'s sister, that defendant was 17 years old at the time, and that defendant was living with the family. Then, counsel read a letter from defendant to the court, expressing defendant's remorse and apologies to all those he hurt. Defendant asked that the court have mercy on him so as not to deprive his four children of their father. Finally, in allocution, defendant reiterated his request for forgiveness and said, "I think that I'm--I'm never going to do it again."

In fashioning defendant's 20-year sentence, the trial judge noted defendant's age, defendant's minimal criminal history, the effects on D.M., the repeated occurrences of the conduct in multiple residences, his uncharged conduct with another minor, and that defendant had been a trusted member of the household. The court also stated that it was better to pay to incarcerate someone than to pay for investigating another crime and that defendant's deportation upon release was a collateral consequence. The court stated that protecting the public was a primary concern.

On December 3, 2008, the trial court heard and denied a motion to reconsider sentence, where defendant asserted that his sentence was excessive and that the trial court erred in considering uncharged criminal conduct. The trial court expressly stated that "the court considered those things which it believed were relevant" and that it "considered all the factors in aggravation and mitigation, including the rehabilitative potential" of defendant. Defendant timely appeals.

Defendant maintains that his sentence is excessive because the trial court did not correctly weigh mitigating factors, the sentence is contrary to the purpose and spirit of the law, and the sentence violates the constitutional mandate that it reflect his rehabilitative potential. He asks this court to reduce his sentence or alternatively to vacate his sentence and remand for a new sentencing hearing. We affirm, as the sentence was not an abuse of discretion.

The Illinois Constitution requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. A sentence within the statutory limits for the offense will not be disturbed unless the trial court has abused its discretion. People v. Coleman, 166 Ill. 2d 247, 258 (1995). An abuse of discretion occurs if the trial court imposes a sentence that "is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." People v. Stacey, 193 Ill. 2d 203, 210 (2000). It is well established that "[a] trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating factors nor considers improper factors in aggravation." People v. Roberts, 338 Ill. App. 3d 245, 251 (2003). The existence of mitigating factors does not mandate imposition of the minimum sentence (People v. Garibay, 366 Ill. App. 3d 1103, 1109 (2006)) or preclude imposition of the maximum sentence (People v. Pippen, 324 Ill. App. 3d 649, 652 (2001)). It is the trial court's responsibility "to balance

relevant factors and make a reasoned decision as to the appropriate punishment in each case." People v. Latona, 184 Ill. 2d 260, 272 (1998). The reviewing court is not to reweigh factors considered by the trial court. Pippen, 324 Ill. App. 3d at 653.

Defendant's argument that the trial court sentenced him without giving proper weight to mitigating factors is without merit. There is a presumption that a trial court considered all relevant factors in determining a sentence, and that presumption will not be overcome without explicit evidence from the record that the trial court did not consider mitigating factors. People v. Payne, 294 Ill. App. 3d 254, 260 (1998). Such a showing was not made in this case. The trial court fully reviewed all evidence before it, and on the motion to reconsider, the trial court explicitly stated that it reviewed all factors, including defendant's rehabilitative potential. As noted, it is not our province to reweigh those factors.

Next, defendant contends that his sentence is contrary to the purpose and spirit of the law because he "basically did no more than what was required to violate the predatory criminal sexual assault of a child statute," and thus he should have received a lesser sentence. The premise of this argument is incorrect. Given the trial court's ability to observe defendant's demeanor and other intangible factors, a sentence above the minimum would not necessarily be contrary to the purpose and spirit of the law even had defendant committed the minimum conduct to violate the statute. See People v. Smith, 214 Ill. App. 3d 327, 338-39 (1991). In any event, defendant did not commit the minimum conduct.

The minimum conduct to violate the statute is an act of sexual penetration by one 17 years old with a victim under 13 years old. See 720 ILCS 5/12--14.1(a)(1) (West 2008). In this case, defendant was 22 years old and D.M. was 8 years old. Defendant asked D.M. to enter the bathroom,

which she did. He then pulled down his shorts, rubbed his penis, put his penis in D.M.'s mouth, and told her to suck on it. He ejaculated in her mouth and on her chin, and, after telling her to clean up with a tissue, he told her not to tell anyone about what had happened. When police arrived, they found D.M. locked in her room, and D.M. told police that she was afraid of defendant. Further, this was not the first episode of this conduct; defendant admitted to six or seven previous occurrences in two separate residences. Obviously, this was not the minimum conduct to violate the statute, and thus the sentence of 20 years' imprisonment is not contrary to the purpose and spirit of the law.

Finally, defendant claims that "the sentence does not serve the lower court's object of protection of the public where the defendant *** is highly unlikely to offend again," and thus it violates the constitutional mandate that it reflect his rehabilitative potential. Defendant claims that his character and history show high rehabilitative potential, citing specifically his minimal criminal history, his expressed remorse, and his statement, "I'm never going to do it again." Defendant claims also that his lack of education and experience in American culture, in that he was only 22 years old, he had held only one job, and he was an illegal immigrant, contributed to his conduct.

The rehabilitative potential of a defendant is only one of the factors that needs to be weighed in deciding a sentence, and the trial court does not need to expressly outline its reasoning for sentencing or explicitly find that the defendant lacks rehabilitative potential. People v. Evans, 373 Ill. App. 3d 948, 968 (2007). The most important sentencing factor is the seriousness of the offense. Evans, 373 Ill. App. 3d at 968. "[T]he nature and circumstances of the offense and the history and character of the defendant will be the governing factors" of rehabilitative potential. People v. Gibbs, 49 Ill. App. 3d 644, 649 (1977).

Despite defendant's argument, a variety of factors indicated poor rehabilitative potential. Defendant repeatedly abused D.M.; he had engaged in uncharged conduct with another minor; he

remained in school only through sixth grade; and he reported having held only one job, and even that job could not be verified. Finally, defendant stated, "I think that I'm--I'm never going to do it again," not "I'm never going to do it again." Considering these factors, we cannot say that defendant's sentence fails to reflect his rehabilitative potential.

Defendant's status as an illegal immigrant is not a statutory ground in mitigation (see 730 ILCS 5/5--5--3.1(a) (West 2006)). As to defendant's argument that his status reflects his ignorance, which shows his rehabilitative potential, logically it does not follow that defendant will be "restored to useful citizenship" when he is not a citizen of this country and will not remain here after incarceration to learn our mores and values. To whatever degree that being an illegal immigrant is a mitigating factor, the trial court was aware of defendant's status, as it explicitly commented on his deportation; thus we presume that the trial court gave it any appropriate mitigating weight. See Payne, 294 Ill. App. 3d at 260.

In sum, the judge did not abuse his discretion in sentencing defendant. The record reflects that the judge thoroughly considered defendant's statement and the mitigating and aggravating factors. The crux of defendant's argument is that the judge gave insufficient weight to the mitigating evidence. However, although some mitigating evidence was present, there were plenty of aggravating factors as well. Given the trial court's broad discretion in sentencing, the seriousness of the crime, and defendant's limited rehabilitative potential, defendant's 20-year sentence was not an abuse of discretion.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and HUTCHINSON, JJ., concur.