NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180016-U

NO. 4-18-0016

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| ERIC K. NOBLE, | ) | No. 17CF146 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles H. W. Burch, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding no abuse of discretion in the trial court's decision to sentence defendant to six years' imprisonment for unlawful violation of an order of protection.

¶ 2    Defendant, Eric K. Noble, pleaded guilty to unlawful violation of an order of protection and was sentenced to six years' imprisonment. On appeal, defendant challenges his sentence as excessive by arguing that the trial court erred in imposing the maximum sentence despite finding two mitigating factors existed. We affirm.

¶ 3                        I. BACKGROUND

¶ 4                        A. The Charge

¶ 5    The State charged defendant by information with unlawful violation of an order of protection (720 ILCS 5/12-3.4(a)(1) (West 2016)), a Class 4 felony. The State alleged that on

January 9, 2017, defendant knowingly committed an act—contacting Heaven Schuette by phone from the Adams County Jail—that was prohibited by an order of protection issued against him in Adams County case No. 16-OP-580, after he had been convicted of unlawful violation of an order of protection in Adams County case No. 15-CM-166. Defendant was extended-term eligible based on his criminal history and faced a sentencing range from probation to six years' imprisonment.

¶ 6                          B. Terminated Jury Trial and Change of Plea

¶ 7            Defendant initially pleaded not guilty and proceeded to a jury trial.

¶ 8            The State first called Chad Downs, the administrator of the Adams County Jail. Downs testified that he had prepared a "call data report" for defendant, who was being held in the jail during the relevant time period on pending charges of attempted murder and aggravated domestic battery. The call data report was introduced into evidence; it indicated that on January 9, 2017, defendant called the same phone number on three separate occasions. Downs testified that he was able to subsequently determine that the phone number belonged to Heaven Schuette, defendant's ex-girlfriend. The three phone calls were recorded, and the recordings were admitted into evidence and published to the jury.

¶ 9            The parties stipulated to the following facts after Downs' testimony: (1) on December 6, 2016, the trial court entered an emergency order of protection against defendant in case No. 16-OP-580, listing Heaven Schuette as the protected party; (2) the order prohibited defendant from making contact—including phone calls—with Schuette; (3) defendant was served with a copy of the order on December 7, 2016; and (4) on December 21, 2016, the trial court continued the order in full force and effect until January 17, 2017.

¶ 10    Heaven Schuette testified that she had ended a six-year relationship with defendant in December 2016. Schuette further testified that defendant called her on three separate occasions on January 9, 2017. When asked why she had answered defendant's phone calls given the order of protection against him, Schuette replied, "Because I still loved him, and I cared about him, and I wanted to tell him that I was going to drop the charges [related to defendant's attempted-murder and aggravated-domestic-battery case]."

¶ 11    According to a transcript of the proceedings, at this point in her testimony, Schuette began crying "uncontrollably" and defendant interjected by stating, "I don't want her to go through this shit, man. I'm—I'm guilty, man." A "hectic" exchange ensued between defendant, his attorney, and the court—which led to defendant's removal from the courtroom. Defendant was allowed to return to the courtroom after a recess. He informed the court that he wished to change his plea from not guilty to an open plea of guilty. The court accepted defendant's guilty plea. The court relied on the evidence that had been presented at the trial as the factual basis for the plea.

¶ 12    After defendant apologized to the court "for the outburst," the court responded, "I do accept your apology and, given how this matter has resolved itself as well as other matters that you have to address, I will accept your apology and will make no findings of direct criminal contempt at this time in light of all that ***."

¶ 13                C. Sentencing Hearing

¶ 14    The trial court conducted a sentencing hearing on August 30, 2017. In imposing its sentence, the court found two mitigating factors existed. Specifically, the court found defendant's conduct neither caused nor threatened serious physical harm, describing the phone calls as "fairly congenial in nature." It further found that defendant did not contemplate that his

conduct would cause or threaten serious physical harm. According to the court, the "[m]ost significant factor in aggravation" was "the significant history of criminality or delinquency on the part of [defendant]." Defendant's criminal history consisted of numerous felony and misdemeanor convictions: (1) two Class 2 felonies, (2) three Class 3 felonies, (3) two Class 4 felonies, (4) four Class A misdemeanors, and (5) one Class B misdemeanor. The court noted the following about defendant's criminal history: "So that history is fairly significant, and generally, I am of the mind and have the philosophy which would indicate the more criminal history you accumulate, the more severe and significant the penalty should be." Ultimately, the court imposed a prison term of six years. The court based its decision to impose the maximum sentence largely on the fact that defendant had "been consistently involved in the criminal justice system for almost the entirety of his adult life" and the need to protect the public.

¶ 15       As the trial court was imposing its sentence, the following exchange occurred between defendant and the court:

> "THE COURT: [I]t will be the *** sentence of the Court, having weighed all the applicable factors in aggravation and mitigation, that [defendant] is hereby sentenced to a term of six years['] imprisonment ***.
>
> DEFENDANT: Damn, I can't catch a fucking break, man. Fuck, man.
>
> * * *
>
> THE COURT: Sir, this is all part of the process. There's certain things I need to tell you. Please calm down and please sit down.
>
> DEFENDANT: Man, I don't want to sit down, man.
>
> THE COURT: Sir.

- 4 -

DEFENDANT: Give me six years for violation of order of protection. I didn't even try to hurt her or anything, man. Come on, man.

* * *

BAILIFF: Do you want him removed?

DEFENDANT: Yes.

THE COURT: I want him removed right now.

DEFENDANT: Man, that's all I asked. Thank you.

THE COURT: Be sure he doesn't leave the building just yet.

BAILIFF: Yes, sir.

(Whereupon, the defendant was removed from the courtroom.)"

The trial court concluded the sentencing hearing—with defendant seated in an adjacent room from which he was able to see and hear the court—by stating the following:

"THE COURT: *** The Court would also note that I, in light of the outburst made by [defendant], that I would have had in my discretion the ability to sanction [defendant] to find him in direct—in direct criminal contempt of court for that conduct.

In light of what has transpired here and what I believe to be the potential consequences facing him presently and perhaps in the future, I am declining at this time to make any finding of direct criminal contempt and will let the sentence stand as it is."

¶ 16                      D. Motion to Reconsider Sentence

¶ 17        Defendant filed a motion to reconsider his sentence, arguing it was excessive and the court failed to properly consider that his conduct did not cause serious physical harm, nor did

he contemplate that it would. The trial court denied defendant's motion. The court stated that it "absolutely did give consideration" to the mitigating factors highlighted by defendant.

¶ 18 This appeal followed.

¶ 19 II. ANALYSIS

¶ 20 Defendant argues his sentence is excessive because the trial court "failed to properly consider the mitigating evidence presented in the record and imposed a maximum sentence in lieu of unrelated contempt proceedings."

¶ 21 A trial court's decision regarding the proper sentence to impose "is entitled to great deference and weight." *People v. Latona*, 184 Ill. 2d 260, 272, 703 N.E.2d 901, 908 (1998). We will not disturb a court's sentencing decision absent a finding that it abused its discretion, which occurs "where the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000).

¶ 22 Initially, we note defendant's conclusory assertion that the trial court imposed the maximum sentence, in part, "in lieu of unrelated contempt proceedings" is unsupported by the record. The record clearly shows that the court had already imposed its six-year sentence prior to defendant's "outburst." The court subsequently stated, "I am declining at this time to make any finding of direct criminal contempt and will let the sentence stand as it is." Thus, because the record contradicts defendant's assertion that the court imposed the maximum sentence "in lieu of unrelated contempt proceedings," we will limit our analysis to defendant's other assertion that the court failed to properly consider the mitigating evidence presented.

¶ 23 "It is well established that a trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating factors nor considers improper factors in

aggravation." (Internal quotation marks omitted.) *People v. Flores*, 404 Ill. App. 3d 155, 157, 935 N.E.2d 1151, 1154 (2010). "The existence of mitigating factors does not obligate the trial court to reduce a sentence from the maximum sentence allowed." *People v. Payne*, 294 Ill. App. 3d 254, 260, 689 N.E.2d 631, 635 (1998). It is for the trial court "to balance relevant factors and make a reasoned decision as to the appropriate punishment in each case." *Latona*, 184 Ill. 2d at 272. Reviewing courts are prohibited from reweighing the relevant factors on appeal. See, *e.g.*, *Flores*, 404 Ill. App. 3d at 158. We presume that the trial court considered all relevant factors, and "that presumption will not be overcome without explicit evidence from the record that the trial court did not consider mitigating factors." *Id.*

¶ 24   Here, despite the trial court's statement that it "absolutely did give consideration" to the relevant mitigating factors, defendant argues the mere fact he received the maximum sentence sufficiently rebuts the presumption that the trial court properly considered the mitigating evidence before it. Defendant contends that it is apparent the trial court failed to properly consider the mitigating factors, since otherwise he would have received something less than the maximum sentence. Put differently, defendant appears to argue that the presence of any mitigating factors necessarily requires a sentence below the maximum. We disagree.

¶ 25   As noted above, "[t]he existence of mitigating factors does not obligate the trial court to reduce a sentence from the maximum sentence allowed." *Payne*, 294 Ill. App. 3d at 260. Defendant acknowledges this legal proposition but requests us to "explicitly overrule" *Payne* because, according to him, "[d]oing so would be in line with the *** greater body of case law and *** the firmer definitions of the word 'mitigation.' " We note defendant fails to cite to any case that has criticized *Payne* or supports the notion that a court may not issue a maximum sentence when mitigating factors are present. In addition, we note that defendant's argument

appears to be based on the faulty assumption that where a court sentences a defendant to the maximum sentence, one may conclude it gave no weight to any applicable mitigating factors. However, this argument ignores that a court may take into account a mitigating factor and yet still determine its weight is not so significant as to justify a sentence below the maximum. A sentencing court may be, and often is, faced with aggravating factors it judges to be so significant that notwithstanding the presence of factors in mitigation, a maximum sentence is warranted. The law does not restrict a court's ability to issue a maximum sentence under such circumstances. Were we to conclude otherwise would be to improperly limit a court's sentencing discretion. Here, we disagree that the mere presence of two mitigating factors necessitated a sentence below the maximum.

¶ 26         Turning to the merits, we find defendant's sentence was not excessive as it is not "manifestly disproportionate" to the nature of the offense. Although defendant's conduct may not have caused physical harm, it does not follow that the nature of the offense was therefore not serious. Defendant knowingly violated an order of protection—after he had previously been convicted of the same offense—while in custody on charges of attempted murder and aggravated domestic battery. The victim in this case was the protected party whom defendant admitted he unlawfully contacted. She was also the alleged victim identified in the attempted murder and aggravated domestic battery charges. Additionally, defendant, who was thirty years old at the time of sentencing, had previously been convicted of seven felonies and multiple misdemeanors. Ultimately, the trial court placed significantly more weight on defendant's extensive criminal history and the need to protect the public than the two applicable mitigating factors, which, as discussed above, it properly considered. Accordingly, we cannot say that the trial court abused its discretion in imposing the maximum sentence.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.