2021 IL App (2d) 190617-U
No. 2-19-0617
Order filed April 5, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-0406 |
| ANTHONY B. BRIDEN, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's argument that the trial court ignored mitigating evidence in sentencing him was refuted by the record, where the court expressly stated that it considered all evidence in aggravation and mitigation, though it found that none of the statutory mitigating factors applied.  Also, plain-error review did not apply to reach defendant's forfeited argument that the trial court failed to properly consider his rehabilitative potential, where it was not clear or obvious that the court did not weigh that potential, especially given that defendant's sentence was in the lower end of the Class X sentencing range.

¶ 2    Defendant, Anthony B. Briden, pled guilty to one count of aggravated battery to a child under 13 years old (great bodily harm) (720 ILCS 5/12-3.05(b)(1) (West 2016)) and one count of aggravated domestic battery (720 ILCS 5/12-3.2(a)(1), 3.3(a) (West 2016)).  The victim was E.A.,

a seven-week-old infant. Defendant was sentenced to consecutive prison terms of 10 and 3 years. On appeal, he asserts that the trial court abused its discretion in sentencing him because the court ignored certain mitigating evidence and failed to consider defendant's rehabilitative potential. Defendant forfeited the latter claim by not bringing it in the trial court. For the reasons below, we hold that the trial court considered all mitigating evidence. As to the forfeited claim regarding defendant's rehabilitative potential, we do not reach its merits, because defendant has not shown plain error. Therefore, we affirm.

¶ 3                    I. BACKGROUND

¶ 4     Defendant was charged in a four-count indictment. Counts I and II charged defendant with aggravated battery to a child under 13 years old (great bodily harm). Counts III and IV charged defendant with aggravated domestic battery. Counts I and III concerned an incident on March 5, 2016, while counts II and IV concerned an incident on March 8, 2016.

¶ 5     Defendant entered an open guilty plea to counts II and III. The factual basis for the guilty plea established that on March 9, 2016, Delnor Hospital contacted the Elgin Police Department about E.A., who had been brought to the emergency room by his mother, Breana Miller, and defendant. E.A. was having difficulty breathing and was not responding to stimuli. Testing showed that E.A. had suffered a head injury that caused bleeding and swelling of his brain. X-rays showed that he had fractures on both sides of his ribs and a fractured left humerus bone. Further testing at another hospital revealed retinal hemorrhaging and a fracture of E.A.'s right tibia.

¶ 6     Defendant had been living with Miller, E.A., and defendant's 15-month-old son. Defendant told Detective Brian Gorcowski of the Elgin Police Department that, on March 5, 2016, at approximately 2 a.m., E.A. was sleeping in a bassinet next to defendant's bed. E.A. awoke to

feed. Defendant reached over with his right arm, grabbed E.A. by his right leg, and swung him into the bed. Defendant stated that E.A. screeched "like a hawk."

¶ 7 In a subsequent interview, defendant told Detective Gorcowski that on March 8, 2016, he was alone with his son and E.A. As he held E.A., E.A. began to cry. Defendant then shook E.A. If called to testify, Dr. Veena Ramaiah, an expert in pediatric child abuse, would testify that the anoxic brain injury suffered by E.A. could be caused by violent shaking. E.A. is now blind and cannot eat on his own, walk, or talk. The trial court found that the State presented a sufficient factual basis and accepted defendant's guilty plea.

¶ 8 The presentence investigation report (PSI) indicated that defendant had been adjudicated delinquent for domestic battery and possession of cannabis. As an adult, he had been convicted of resisting a peace officer, possession of drug paraphernalia, operating an uninsured motor vehicle, retail theft, and domestic battery. His juvenile probation for domestic battery had been terminated unsuccessfully, his court supervision for retail theft had been terminated unsatisfactorily, and he had been on probation for domestic battery when he committed the charged offenses. Defendant had gained full custody of his son, but he had since been adopted by defendant's parents and lived with defendant's sister in Texas. Defendant was employed full time at an ice rink when he committed the charged offenses. He was diagnosed with depression and bipolar disorder as a teenager and had attempted suicide four times. According to the PSI, defendant stated that he did not commit the charged offenses. The PSI rated him as a medium risk to reoffend.

¶ 9 Detective Charles Bauwens testified at the sentencing hearing that, in December 2014, he investigated a domestic incident between defendant and defendant's former girlfriend. The girlfriend told Detective Bauwens that when she returned home defendant was angry and

demanded to know where she had been. He then pushed her into a wall, causing her to hit her head and wrist on the wall. He then pushed her onto a bed, placed his weight on her so that she had difficulty breathing, and struck her twice in the face and once on the buttocks. According to Detective Bauwens, he saw redness on her chest, dried blood in her nostril, and swelling to her lower lip. When Detective Bauwens arrested defendant, defendant tensed his right arm and headbutted the wall.

¶ 10    Carrie Schalow, E.A.'s maternal grandmother, testified that she was E.A.'s primary caregiver. She described in detail E.A.'s 24-hour care. She also gave a victim-impact statement.

¶ 11    In mitigation, defendant submitted a letter from a licensed clinical psychologist describing defendant's individual education program from high school and his mental health challenges. The psychologist described defendant as a very polite young man and a joy to work with. He also presented a letter from defendant's parents portraying him as a loving child who is good with younger children and has a close relationship with his son.

¶ 12    In allocution, defendant stated that he had a close and loving relationship with his son. He stated that he loved E.A. like his son, and he "[knew] for certain that [he] did not cause [E.A's] injuries." He added that he carried the guilt of not acting sooner and that he was a coward for such negligence.

¶ 13    Defendant was eligible for a Class X sentence of 6-30 years in prison on count II (730 ILCS 5/5-4.5-25 (West 2016)) and a mandatory consecutive Class 2 sentence of 3-7 years in prison on count III (730 ILCS 5/5-4.5-35 (West 2016)). The State asked that the trial court impose a 12-year prison sentence on count II and a 5-year prison sentence on count III. Defense counsel asked for the minimum six-year term on count II and a three-year term on count III. When the trial court

noted that count III qualified for a sentence of probation, defense counsel responded, "If the court does believe *** that probation is [in] order on [count III], I request the court consider that."

¶ 14    In imposing the sentence, the trial court stated that it considered the factual basis for the guilty plea as well as "the evidence, the arguments, and the recommendations in aggravation and mitigation." The court added that it considered the PSI and "the statutory factors in aggravation and mitigation."

¶ 15    In aggravation, the trial court identified three applicable aggravating factors. First, defendant had a history of delinquency and criminal activity. Second, the sentence was necessary to deter others from committing the same offenses. Third, defendant was in a position of trust or supervision when he committed the offenses. The court went on: "Now, as far as the factors in mitigation, I find none."

¶ 16    The trial court noted that defendant was eligible for probation on count III. However, considering "the nature and circumstances of the offense and the history, character, and condition of the offender," the court found that a prison sentence was necessary to protect the public and that probation would deprecate the seriousness of defendant's conduct. The court imposed a 10-year prison sentence on count II and a mandatorily consecutive 3-year prison sentence on count III.

¶ 17    Defendant filed a motion to reconsider his sentence, contending that the trial court failed to properly consider the following mitigating factors: that imprisonment would impose an undue hardship on defendant's four-year-old son and that, because of defendant's mental health issues, including his depression and anxiety while in jail, imprisonment would endanger his medical condition. Defendant also asserted that, before deciding against a sentence of probation on count III, the court did not consider whether defendant would have successfully abided by the terms and conditions of probation.

¶ 18    In denying the motion to reconsider sentence, the trial court noted that it recalled very well the sentencing hearing and the evidence presented by both sides.  The court stated that the mitigating evidence that defendant identified in his motion to reconsider was part of the evidence at the hearing and that the court considered it in fashioning the sentence.  The court reaffirmed that the sentence was appropriate "in light of the evidence presented in the factual basis and the evidence presented *** for aggravation and mitigation."  Defendant filed this timely appeal.

¶ 19                                II. ANALYSIS

¶ 20    On appeal, defendant contends that (1) he is entitled to a new sentencing hearing because the trial court incorrectly found that there were no mitigating factors, and (2) alternatively, this court should reduce his sentence on count II (aggravated battery to a child) because the trial court failed to properly consider his rehabilitative potential.

¶ 21    It is well established that the trial court is the proper forum to determine a sentence and that its sentencing decision is entitled to great deference and weight.  *People v. Latona*, 184 Ill. 2d 260, 272 (1998).  A sentence within the statutory limits will not be disturbed on appeal unless the trial court has abused its discretion.  *People v. Flores*, 404 Ill. App. 3d 155, 157 (2010).  An abuse of discretion occurs only if the trial court imposes a sentence that varies greatly from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense.  *Flores*, 404 Ill. App. 3d at 157.  A trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating factors nor considers improper aggravating factors.  *Flores*, 404 Ill. App. 3d at 157.  It is presumed that the trial court considered all relevant factors in determining the sentence, and that presumption will not be overcome without explicit evidence in the record that the trial court did not consider mitigating factors.  *Flores*, 404 Ill. App. 3d at 158.

¶ 22    As to defendant's first argument, he has not overcome the presumption that the trial court considered all mitigating factors and evidence in imposing the sentence. Before imposing the sentence, the trial court stated that it considered the PSI, which included much of the mitigating evidence that defendant later cited in his motion to reconsider his sentence. Moreover, the court stated that it considered the "recommendations in aggravation and mitigation" and "the statutory factors in aggravation and mitigation." The court was not required to recite each sentencing factor. *People v. Bustos*, 2020 IL App (2d) 170497, ¶ 122.

¶ 23    Defendant asserts that the court ignored the mitigating factors because it said, "[A]s far as the factors in mitigation, I find none." We understand how the court's statement could be construed to mean that it found no eligible mitigating factors. However, read in the context of the court's further statements, the record supports the conclusion that the court did consider the factors in mitigation, including the factors raised on appeal. The court simply found that the mitigation was not persuasive in the face of the strong evidence and argument in aggravation. Notably, the court, in denying defendant's motion to reconsider his sentence, stated that, in sentencing defendant, it considered the mitigating evidence identified in the motion to reconsider and that its sentence was appropriate in light of the mitigating evidence presented at the sentencing hearing. See *Flores*, 404 Ill. App. 3d at 158 (trial court may clarify at a hearing on a motion to reconsider sentence that it considered all sentencing factors). Thus, defendant has not overcome the presumption that the court considered the mitigating evidence presented by defendant.

¶ 24    We next address defendant's alternative request that we reduce his sentence on count II because the trial court failed to properly consider defendant's rehabilitative potential. The State responds initially that defendant forfeited this contention by not raising it in his motion to reconsider his sentence. We agree. Defendant raised the issue neither in the motion to reconsider

his sentence nor at the hearing on the motion. This was a forfeiture. See *Bustos*, 2020 IL App (2d) 170497, ¶ 120 (citing *People v. Hillier*, 237 Ill. 2d 539, 544 (2010)).

¶ 25    Defendant asserts, however, that forfeiture does not apply to his claim, because he is merely seeking a sentencing reduction under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967). He asserts that he "is not pointing out a specific error that the court made other than impose a sentence that does not adequately reflect his rehabilitative potential." Defendant is, nevertheless, claiming error in sentencing, and thus forfeiture principles apply. Because defendant did not present his claim to the trial court in moving for reconsideration, the claim is forfeited.

¶ 26    However, we may review a forfeited claim of error if defendant has established plain error. *Hillier*, 237 Ill. 2d at 545. To obtain relief under the plain-error doctrine, a defendant must first show that clear or obvious error occurred. *Hillier*, 237 Ill. 2d at 545. In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced or (2) the error was so egregious as to deny the defendant a fair sentencing hearing. *Hillier*, 237 Ill. 2d at 545. Under both prongs of the plain-error doctrine, a defendant has the burden of persuasion. *Hillier*, 237 Ill. 2d at 545.

¶ 27    In this case, there was no clear or obvious error. The rehabilitative potential of a defendant is only one of the factors that need to be weighed in fashioning a sentence, and the trial court does not need to expressly outline the reasons for its sentencing decision or explicitly find that a defendant lacks rehabilitative potential. *Flores*, 404 Ill. App. 3d at 159. The most important sentencing factor is the seriousness of the offense. *Flores,* 404 Ill. App. 3d at 159. The nature and circumstances of the offense and the history and character of the defendant are the governing factors of rehabilitative potential. *Flores*, 404 Ill. App. 3d at 159.

¶ 28   Here, the trial court stated that it considered the PSI. The PSI contained most of the evidence relevant to defendant's rehabilitative potential. The court also considered the letters in support of defendant. Further, the court heard defendant's allocution. Although defendant asserts that the court should have credited him for taking responsibility for his actions and expressing remorse, the record does not show that he did either. Rather, the PSI stated that defendant denied harming E.A. Also, in his allocution, defendant stated that he did not cause E.A.'s injuries. Further, defendant did not express any remorse for E.A.'s injuries. Given that defendant's sentence of 10 years on count II was at the lower end of the applicable range (6 to 30 years), it is neither clear nor obvious that the trial court failed to properly consider defendant's rehabilitative potential. Further, the court sentenced the defendant to the minimum sentence on count III. Thus, defendant is not entitled to plain-error review.

¶ 29                                III. CONCLUSION

¶ 30   For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 31   Affirmed.