NOTICE
Decision filed 05/03/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200248-U

NO. 5-20-0248

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 19-CF-322 |
| | ) | |
| DANIEL R. REEVES, | ) | Honorable |
| | ) | Allan F. Lolie Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The defendant's sentence is affirmed where the trial court did not abuse its discretion in determining the length of the sentence.

¶ 2    This is a direct appeal from the circuit court of Effingham County.  The defendant, Daniel R. Reeves, had his probation revoked for unlawful possession of a vehicle.  On July 2, 2020, he was sentenced to five years' imprisonment followed by two years of mandatory supervised release (MSR).  The defendant contends that the court abused its discretion in sentencing him to five years' imprisonment.  For the reasons that follow, we affirm.

1

¶ 3                                   I. BACKGROUND

¶ 4    On November 21, 2019, the defendant pleaded guilty to one count of unlawful possession of a vehicle (625 ILCS 5/4-103(a)(1) (West 2018)), a Class 2 felony. The factual basis for the plea stated that on July 25, 2019, the defendant took possession of a motor vehicle belonging to Brian Deters, without his permission, and drove it through Effingham County. The defendant was sentenced to 36 months of probation and 120 days in jail, with credit for 120 days of time served. As a condition of his probation, the defendant was to submit to a substance abuse evaluation and abstain from using or possessing alcohol and illicit drugs.

¶ 5    On January 2, 2020, the State filed a petition to revoke the order of probation, alleging that the defendant failed to report to his probation officer on December 4 and December 11, 2019; committed the offense of resisting a police officer on December 24, 2019; and failed to appear in court on December 20, 2019. On May 13, 2020, the trial court held a probation revocation hearing. The State called probation officer Taylor Davis as its sole witness. Davis was responsible for monitoring the defendant in December 2019. The defendant failed to report on December 4 and December 11, 2019, as required, and he did not provide a reason for the absences. The defendant also missed a court date on December 20, 2019. After he missed the December 4 appointment, a letter was mailed to his last known address informing him that he was to appear on December 11, 2019. The defendant told Davis that he was unaware of the appointments because he did not have a phone and was living between two addresses. Davis testified that under the terms of the

2

defendant's probation, the defendant was required to notify the probation department about any change of address within 24 hours. He did not comply with this requirement.

¶ 6    The defendant testified in his own defense. He explained that in December 2019, he was having trouble with transportation and was trying to change his reporting location. The defendant did not have a phone in December 2019. He failed to report on December 4, 2019, because he was waiting to be notified of when to report, and his mother told him she did not receive any appointment sheets in the mail. The defendant also missed a court date on December 20, 2019, because he thought it was scheduled for January 7, 2020. The defendant testified that when he did appear in court, he was told there was a problem with the computer that resulted in a scheduling error.

¶ 7    The trial court found that the defendant willfully failed to appear on December 4, 2019, but also concluded that the State had not met its burden as to the December 11 and December 20 dates. No evidence was presented at the revocation hearing about the allegation that the defendant committed the offense of resisting arrest.

¶ 8    On July 2, 2020, the trial court held a sentencing hearing. The court addressed three cases for which the defendant had been on probation at the time the petition to revoke was filed: No. 18-CM-171 (July 14, 2018, domestic battery); No. 19-CF-59 (February 14, 2019, aggravated resisting); and No. 19-CF-322 (July 25, 2019, unlawful possession of a motor vehicle). The State called Effingham police officer Jared Purcell to testify in aggravation. On December 24, 2019, Purcell went to 600 Clinton Avenue after receiving information that the defendant was at that address and had a warrant out for his arrest. Purcell and his partner, officer Brittany Webb, were let into the residence by the "primary tenant" and

found the defendant inside. The defendant disputed that there was a warrant for his arrest, began clenching his fists, and resisted as Purcell and Webb attempted to handcuff him. Purcell and Webb were "forced to strike him several times in the upper back region with a fist to free his hands so [they] could handcuff him." At one point, the defendant had the handcuffs around one of his wrists and flailed his arm, striking Webb in the face with the handcuffs. Webb suffered bruising on her face and a scrape on her knee.

¶ 9 The State argued that the defendant's criminal history demonstrated that he was a danger to the public, and that a sentence of imprisonment was necessary to deter others. The State noted that the defendant was already on probation when the unlawful possession of a vehicle offense occurred. Thus, it requested that the trial court find the defendant unsuccessfully discharged from probation on case Nos. 18-CM-171 and 19-CF-59 and sentence him to six years' imprisonment on case No. 19-CF-322.

¶ 10 Defense counsel argued that the trial court should consider the defendant's difficult childhood, the fact that he was born into poverty, his "mental deficits," and substance abuse issues as factors in mitigation. Counsel asked for continued community supervision, with a substance abuse component, rather than incarceration. The defendant then made a statement in allocution, accepting responsibility for his actions and asking for a second chance so he could be present for his family and children.

¶ 11 The presentence investigation report (PSI) indicated that the defendant began using illicit substances at eight years old. He reported using methamphetamine and Xanax daily by the age of 18. He acknowledged that he suffered from addiction, and he "admitted his drug use is problematic" and had "led him to legal problems." In addition to the two felony

4

and one misdemeanor cases that were at issue during the revocation proceedings, the defendant had been convicted of four prior felonies.

¶ 12    The trial court stated that it considered the evidence in aggravation presented by the State during the hearing, the PSI, the defendant's statement in allocution, the arguments of counsel, and the statutory factors in mitigation and aggravation. The court acknowledged that, as a mitigating factor, the defendant's conduct did not cause or threaten serious harm, and the defendant did not contemplate that his criminal conduct would cause or threaten serious physical harm to another. As factors in aggravation, the court found that the defendant had a prior criminal history, the sentence was necessary to deter others, and the defendant committed the offense of unlawful possession of a vehicle while he was on probation for aggravated resisting. The court found that the defendant was unsuccessfully discharged from probation in case Nos. 18-CM-171 and 19-CF-59.

¶ 13    With respect to case No. 19-CF-322 involving unlawful possession of a vehicle, the trial court found that

> "the Court is required to impose a sentence of probation unless the Court would find probation would deprecate the seriousness of the offense or sentence is necessary for the protection of the public.
>       Based on the Defendant's prior history and his behavior in these cases, I realize the only revocation violation the Court found was failure to report, but the file also shows several failures to appear as well. PSI mentions multiple warrants issued for failing to appear. I do think probation would deprecate the seriousness of the offense, plus the Defendant in other cases in my review of the PSI was previously unsuccessfully discharged from community based sentences.
>       I also find based on the Defendant's priors, including two of the three cases in front of me, 18-CM-171 and 19-CF-59, the Defendant does pose a danger to the public so his incarceration is required for the protection of the public."

5

Therefore, the court sentenced the defendant to five years' imprisonment followed by two years' MSR. The court found the defendant was entitled to 244 days' credit for time served.

¶ 14 On July 8, 2020, the defendant filed a motion to reconsider arguing, *inter alia*, that his sentence was excessive in light of the State's evidence in aggravation and the trial court's failure to adequately consider his potential for rehabilitation. The court denied the motion on August 17, 2020. The defendant appeals.

¶ 15                                II. ANALYSIS

¶ 16 The defendant's sole contention on appeal is that the trial court abused its discretion in sentencing him to five years' imprisonment. It is well settled that a court is given broad discretion in fashioning a sentence. *People v. Patterson*, 217 Ill. 2d 407, 448 (2005). When a sentence falls within the statutory sentencing range for an offense, it may not be disturbed absent an abuse of discretion. *People v. Jones*, 168 Ill. 2d 367, 373-74 (1995). A court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable to the extent that no reasonable person would agree with it. *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 32. The court is given such deference because it is in a better position to consider, among other things, defendant's credibility, mentality, demeanor, general moral character, age, habits, and social environment. *Id*. A proper sentence balances the seriousness of the offense with the objective of restoring a defendant's rehabilitative potential. Ill. Const. 1970, art. I, § 11.

¶ 17 The Unified Code of Corrections permits the trial court to consider certain statutory factors in aggravation and mitigation when imposing a sentence of imprisonment. 730 ILCS 5/5-5-3.1, 5-5-3.2 (West 2018). In fashioning the appropriate sentence, the court

6

must carefully weigh all the factors in mitigation and aggravation, which include defendant's age, demeanor, habits, credibility, criminal history, social environment, and education as well as the nature and circumstances of the crime and of defendant's conduct in the commission of the crime. *People v. Calhoun*, 404 Ill. App. 3d 362, 385 (2010). When such factors have been presented for the court's consideration it is presumed, absent some contrary indication, that the factors have been considered. *People v. Flores*, 404 Ill. App. 3d 155, 158 (2010). A court has considerable latitude in sentencing a defendant, as long as it neither ignores relevant mitigating factors nor considers improper aggravating factors. *Id.* at 157. When reviewing a court's sentencing decision, the reviewing court should not focus on a few words or statements made by the trial court. *People v. Newlin*, 2014 IL App (5th) 120518, ¶ 23. Instead, the determination of whether the sentence was improper must be made by considering the record as a whole. *Id.*

¶ 18 The defendant here pleaded guilty to one count of unlawful possession of a vehicle, with a sentencing range of three to seven years' imprisonment. 625 ILCS 5/4-103(b) (West 2020); 730 ILCS 5/5-4.5-35(a) (West 2020). He was sentenced to five years' imprisonment, which was within the sentencing range. Nevertheless, the defendant argues his sentence should be reduced because "the underlying offense was non-violent, he had significant ties to the community, he expressed remorse, and there was evidence of substance abuse issues." We disagree.

¶ 19 The defendant initially asserts that the trial court abused its discretion by failing to adequately consider the nature of the underlying offense as a mitigating factor. As previously stated, the underlying offense was unlawful possession of a vehicle, a Class 2

felony with a sentencing range of three to seven years. During the defendant's guilty plea hearing, the factual basis for the plea indicated that on July 25, 2019, the defendant took possession of a motor vehicle belonging to Deters, without his permission, and drove it through Effingham County. Although the defendant contends that no new evidence was presented as to the underlying offense during the resentencing hearing, the PSI contained information about the offense. Specifically, the PSI indicated that the defendant was on probation for resisting a peace officer (case No. 19-CF-59) when he committed the underlying offense for which he was being sentenced (case No. 19-CF-322). The Effingham Police Department narrative of the department's investigation into the offense was also attached to the PSI. The narrative described the defendant's statement to officers shortly after the offense, which contradicted the defendant's argument on appeal that he used the stolen vehicle to check on his grandmother and his excusable motive should be considered in mitigation.

¶ 20    During the sentencing hearing, the trial court expressly found that as a statutory factor in mitigation, it was considering the fact that the defendant's conduct "neither caused or threatened serious harm *** nor did the Defendant contemplate that his criminal conduct would cause or threaten serious physical harm to another." However, the court also noted that, when he committed the underlying offense, he was already on probation for a prior felony. In light of the foregoing, along with the fact that the defendant's sentence was within the sentencing range, we find that the defendant has failed to establish that the court abused its discretion in not considering the circumstances of the underlying offense as a mitigating factor.

8

¶ 21 Next, the defendant argues that the trial court abused its discretion in improperly considering the bases for the probation revocation as aggravation rather than as factors for determining rehabilitative potential. He relies on *People v. Varghese*, 391 Ill. App. 3d 866, 876 (2009), where the appellate court set forth the following principles that guide our review of a sentence imposed upon the revocation of probation:

> "When sentencing, a trial court may properly consider a defendant's conduct while on probation as evidence of rehabilitative potential. [Citation.] In doing so, it may even give the defendant a more severe sentence than it originally imposed. [Citation.] But a trial court may never punish a defendant for the conduct that gave rise to the probation violation. [Citation.] If the conduct while on probation constitutes a separate offense, the defendant should be tried and found guilty, and the sentence should conform to orderly criminal processes. [Citation.] In general, a sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of the revocation, and *not* for the original offense. [Citation.]" (Emphases in original and internal quotation marks omitted.) *Id.*

¶ 22 Here, the totality of the record makes clear that the trial court did not impose a sentence to punish the defendant for his actions while on probation. Prior to announcing his sentence, the court stated that it reviewed the PSI, the cost of incarceration in the Department of Corrections, the defendant's statement in allocution, the arguments of counsel, and the statutory factors in mitigation and aggravation. The court explicitly stated that it was referring to the Class 2 felony in case No. 19-CF-322 of possession of a stolen vehicle. Further, as we have previously found, the court considered the circumstances of the underlying offense, and the sentence was within the statutory sentencing range. Although the court considered the defendant's noncompliance with probation, it was in the context of his "criminality," the fact that "probation would deprecate the seriousness of the

9

offense" since the defendant was unsuccessfully discharged from community-based sentences, and that the defendant posed a danger to the public. Although the defendant points to statements made by the court relating to his conduct while on probation, we will not focus on isolated words or statements made by the court. See *Newlin*, 2014 IL App (5th) 120518, ¶ 23. Instead, we look to the totality of the record (see *id.*), based upon which we cannot say that we "[are] strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of the revocation, and *not* for the original offense." (Emphases in original.) *Varghese*, 391 Ill. App. 3d at 876.

¶ 23   Finally, the defendant contends that the trial court abused its discretion in "failing to give due consideration to the mitigating factors" presented at resentencing, including the defendant's family ties, expression of remorse, and substance abuse issues. We find that the defendant's sentence was appropriate given the particular facts and circumstances of this case. The record reveals that the court considered the defendant's family ties and substance abuse issues when determining his sentence. The PSI detailed the defendant's familial relationships as well as his history of drug and alcohol use and treatment. The defendant expressed his desire to be present for his family and his children during his statement in allocution, and his counsel argued that the defendant presented with "many disadvantages," including a "substance abuse problem that seems to be fairly severe." Because this information was presented to the court, we presume that the court considered it. See *Flores*, 404 Ill. App. 3d at 158.

10

¶ 24   As for his remorse, the trial court heard the defendant express his remorse at sentencing and explicitly stated it considered the defendant's statement in rendering the sentence.  Even though the court did not formally consider the defendant's remorse as a mitigating factor, we assume, absent some contrary indication, that the court properly considered it when fashioning the defendant's sentence.  See *id.*

¶ 25   Because the defendant has failed to demonstrate that the trial court ignored the circumstances of the underlying offense, his family ties, expression of remorse, and substance abuse issues, or that the court improperly sentenced him for his conduct while on probation, his contention that we should remand or reduce his sentence based on these factors is without merit.  Therefore, we conclude that the court did not abuse its discretion in rendering the defendant's sentence.

¶ 26                                     III. CONCLUSION

¶ 27   For the foregoing reasons, the judgment of the circuit court of Effingham County is hereby affirmed.

¶ 28   Affirmed.