NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230799-U

NO. 4-23-0799

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Warren County |
| PATRICK J. PENCE, | ) | No. 21CF107 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nigel D. Graham, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held:*  The appellate court affirmed defendant's sentence.

¶ 2     In December 2022, defendant, Patrick J. Pence, pleaded guilty to possession of methamphetamine, a Class 1 felony (720 ILCS 646/60(a), (b)(3) (West 2020)). In May 2023, the trial court sentenced him to 10 years in prison and a 1-year term of mandatory supervised release.

¶ 3     Defendant appeals his sentence, arguing that the trial court failed to consider the mitigating evidence of his prior cooperation with law enforcement and his decision to plead guilty. We disagree and affirm.

¶ 4                                I. BACKGROUND

¶ 5     In August 2021, the State charged defendant with four counts: (1) possession of

methamphetamine with intent to deliver, a Class X felony (*id.* §§ 55(a)(1), (2)(c)); (2) possession of methamphetamine, a Class 1 felony (*id.* § 60(a), (b)(3)); (3) possession of a weapon by a felon, a Class 3 felony (720 ILCS 5/24-1.1(a) (West 2020)); and (4) possession of drug paraphernalia, a Class A misdemeanor (720 ILCS 600/3.5(a) (West 2020)).

¶ 6    In December 2022, defendant pleaded guilty to a single charge of unlawful possession of methamphetamine in exchange for the dismissal of the remaining charges. The partially negotiated plea included no agreement as to defendant's sentence. The State offered the following factual basis for defendant's plea:

> "[O]n or about August 22nd of 2021 [defendant] *** committed the offense of unlawful possession of methamphetamine in that [defendant] knowingly possessed more than 15 grams but less than 100 grams of a substance containing methamphetamine."

¶ 7    In May 2023, the trial court conducted defendant's sentencing hearing. In aggravation, the State presented the testimony of the arresting police officer, Terry Hepner of the Monmouth Police Department, who testified to the circumstances of defendant's arrest. On cross-examination, defense counsel inquired into defendant's previous cooperation with law enforcement, and the following exchange occurred:

> "Q. And would you say he has a history of cooperating with you and the department in certain drug investigations?
>
> A. Yes.
>
> Q. Okay. Would that have been as a confidential source on certain occasions primarily?
>
> A. Yeah, you can call it that or information that was given.

"Q. At least provided information? Okay. And just generally, really just generally speaking, has any information that he's provided to you in the past panned out, so to speak?

A. Yes."

¶ 8        Hepner also testified that the last time defendant cooperated in an investigation was May 2022. On redirect examination, the following exchange occurred:

"Q. Do you know, did any of the work that the defendant did for you as a confidential source or an informant after the arrest in this case, did any of that result in a conviction in any case?

A. Not that I'm aware of.

Q. Thanks."

¶ 9        Defendant presented no mitigating evidence. After hearing the parties' arguments, the trial court stated that it had considered all of the evidence presented, including the factors in aggravation and mitigation, and found the following factors were "present."

¶ 10        In aggravation, the trial court found that (1) defendant had a history of prior delinquency and criminal activity and (2) the sentence was necessary to deter others from committing the same crime. Defendant's criminal history included eight juvenile adjudications and nine adult felonies. Of those nine adult felonies, two were convictions for sex offenses involving minors, three were for failing to register as a sex offender, and two were for drug offenses. Defendant had most recently been sentenced to 3 years in prison for possession of methamphetamine in 2018 and to10 years in prison for delivery of methamphetamine in 2011. In mitigation, the court found that (1) defendant's conduct neither caused nor threatened serious physical harm to another person and (2) defendant did not contemplate his conduct would cause

or threaten serious physical harm to another.

¶ 11        The trial court sentenced defendant to 10 years in prison. The court explained its reasoning as follows:

> "So balancing those factors, *** I believe those [mitigating] factors are far outweighed unfortunately by the defendant's criminal history[,] which as pointed out by the State is rather extensive.
>
>            ***
>
>        So, again, balancing the factors and considering the nature and circumstances of this offense, I do believe that a sentence of 10 years to the department of corrections is appropriate."

¶ 12        In September 2023, defendant filed an amended motion to reconsider his sentence, arguing that (1) his 10-year sentence was excessive and (2) the trial court erred by failing to find, as an additional factor in mitigation, that defendant's character and attitude indicated he was unlikely to commit another crime.

¶ 13        Later in September 2023, the trial court conducted a hearing on defendant's motion. At the hearing, defendant argued the court should have weighed his prior cooperation with law enforcement in mitigation. Ultimately, the court denied defendant's motion to reconsider his sentence.

¶ 14        This appeal followed.

¶ 15                                II. ANALYSIS

¶ 16        Defendant appeals his sentence, arguing that the trial court failed to consider the mitigating evidence of his prior cooperation with law enforcement and his decision to plead guilty. We disagree and affirm.

- 4 -

¶ 17          As an initial matter, defendant concedes that he forfeited these claims of error by failing to properly preserve them in the trial court. See *In re M.P.*, 2020 IL App (4th) 190814, ¶ 44, 155 N.E.3d 577 ("A defendant forfeits an issue for purposes of appellate review by failing to object to the alleged error or raise it in a written posttrial motion."). Nonetheless, he asserts that we may review his claims as first-prong plain error. Because we conclude that the trial court committed no error at all, we affirm defendant's sentence.

¶ 18                    A. The Applicable Law and the Standard of Review

¶ 19                              1. *Plain Error*

¶ 20          The plain error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that
> the error alone threatened to tip the scales of justice against the defendant,
> regardless of the seriousness of the error, or (2) a clear or obvious error occurred
> and that error is so serious that it affected the fairness of the defendant's trial and
> challenged the integrity of the judicial process, regardless of the closeness of the
> evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

¶ 21          The usual first step in a plain error analysis is to determine whether any error occurred at all. *Id.* If error did occur, then we determine whether either of the plain error prongs are satisfied. *Id.* at 189-90.

¶ 22                             2. *Sentencing Generally*

¶ 23          A trial court has broad discretion in imposing a sentence. *People v. Patterson*, 217 Ill. 2d 407, 448, 841 N.E.2d 889, 912 (2005). "The trial court must base its sentencing determination on the particular circumstances of each case, considering such factors as the

defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). "It is also required to consider statutory factors in mitigation and aggravation; however, 'the court need not recite and assign a value to each factor it has considered.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19, 143 N.E.3d 794 (quoting *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494). We presume that a sentencing court considered all relevant factors, including factors in mitigation. *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 43, 2 N.E.3d 333.

¶ 24     Defendant bears the burden of showing, by pointing to explicit evidence in the record, that the trial court failed to consider mitigating evidence. *Id.* The defendant's sentence itself does not constitute explicit evidence that the trial court failed to consider mitigating evidence. *People v. Brown*, 2017 App (1st) 142877, ¶ 64, 75 N.E.3d 445.

¶ 25                           B. This Case

¶ 26     Here, defendant has not met his burden to show that the trial court failed to consider evidence in mitigation.

¶ 27     The record shows that the trial court explicitly stated when imposing its sentence that it had "considered the factual basis as well as the testimony presented here today regarding the underlying case," "the history, character, and attitude of the defendant, [and] the *evidence* and arguments presented at today's hearing." (Emphasis added.) That evidence included Hepner's testimony about defendant's cooperation with law enforcement. In addition, the court was aware of defendant's guilty plea. Indeed, the State argued that after defendant pleaded guilty, he failed to appear for an earlier sentencing date and was arrested in January 2023.

¶ 28     Defendant points to nothing in the record showing that the trial court failed to consider his cooperation with law enforcement as a factor in mitigation. Instead, defendant

- 6 -

discusses at length the arguments that the State made, contending that "[t]he State attempted to minimize [defendant's] role in assisting law enforcement." However, we will not impute the State's argument to the trial court's findings.

¶ 29       The record shows that the trial court carefully considered and stated for the record the factors in aggravation and mitigation that it found most persuasive and its reasons therefor. It then sentenced defendant to 10 years in prison, which is easily within the 4- to 15-year sentencing range for a Class 1 felony (730 ILCS 5/5-4.5-30(a) (West 2022)).

¶ 30       We presume the trial court considered the mitigating evidence before it, and the court need not remark on everything it considered. *People v. Flores*, 404 Ill. App. 3d 155, 159, 935 N.E.2d 1151, 1155 (2010). Because nothing in the record shows that the trial court failed to consider all the factors in mitigation, we conclude that the court did not err. Accordingly, defendant's plain error argument fails, and we honor defendant's forfeiture.

¶ 31                                III. CONCLUSION

¶ 32       For the reasons stated, we affirm the trial court's judgment.

¶ 33       Affirmed.