NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220230-U

NO. 4-22-0230

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 12, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| SHANE ROBERT EDWARD LONG, | ) | No. 20CF922 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Knecht and Justice Bridges[1] concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) The appellate court vacated defendant's conviction for violation of an order of protection under the one-act, one-crime rule because it was based on precisely the same act forming the basis of the escape charge.
(2) The appellate court affirmed defendant's conviction and sentence for escape, finding the trial court's sentence was not excessive.

¶ 2    In July 2021, a jury convicted defendant, Shane Robert Edward Long, of

(1) escape (failure to comply with a condition of the electronic monitoring or home detention

program) (730 ILSC 5/5-8A-4.1(a) (West 2020)) and (2) violation of an order of protection (720

ILCS 5/12-3.4(a)(1) (West 2020)). Each charge alleged that, on September 2, 2020, defendant

entered and remained within 500 feet of an exclusionary zone surrounding an address in

_____

[1] Justice George Bridges participated in this appeal but has since retired. Our supreme court has held that the departure of a judge prior to the filing date will not affect the validity of a decision so long as the remaining two judges concur. *Proctor v. Upjohn Co.*, 175 Ill. 2d 394, 396 (1997).

Bloomington, Illinois, as prohibited by the electronic monitoring program and the order of protection. The trial court sentenced defendant to an aggregate term of nine years' incarceration.

¶ 3        Defendant appeals, arguing his convictions violate the one-act, one-crime rule and his sentence is excessive because the trial court failed to adequately weigh mitigating factors. The State concedes the two convictions violate the one-act, one-crime rule. We accept the State's concession and vacate the conviction of violation of an order of protection. We affirm the conviction and sentence for escape.

¶ 4                                I. BACKGROUND

¶ 5        On September 16, 2020, a grand jury indicted defendant on charges of escape and violation of an order protection. The State dismissed an indictment charging defendant with criminal damage to government supported property (720 ILCS 5/21-1.01(a)(1) (West 2020)). Before trial, the court told defendant that, even though the charges alleged the same date, "these are separate offenses and so one act, one crime does not apply." The trial court did not elaborate further. On July 19, 2021, the court conducted a jury trial. Defendant appeared *pro se* at both trial and sentencing.

¶ 6        At trial, the State provided exhibits related to a previous felony case against defendant filed in the trial court under McLean County case No. 20-CF-836. The State's exhibits five and six showed a judge in case No. 20-CF-836, on August 25, 2020, entered an order for electronic monitoring as a condition of pretrial release, requiring defendant to take part in electronic GPS monitoring with an exclusion zone of 500 feet from the protected address of M.G. in Bloomington, Illinois. Exhibit seven showed a judge had granted M.G. an emergency order of protection on August 21, 2020, which prohibited defendant from coming within 500 feet of the same Bloomington, Illinois address. That order was in effect on September 2, 2020. The

trial court admitted the exhibits into evidence and stated it took judicial notice of the court file in case No. 20-CF-836 and took "judicial notice of certain facts from that court file."

¶ 7         Sergeant Ivy Thornton of the Bloomington Police Department testified she responded to a call on September 2, 2020, from a monitoring company stating an individual was in a restricted area. Thornton went to the scene and saw defendant "duck down" between two cars. Bloomington Police Department officer Brandon Finke came to assist Thornton and measured the distance from defendant to the front door of the restricted address at 246 feet. Finke also testified defendant was 142 feet from the property line and 254 feet from the front door of the residence. The jury found defendant guilty of both counts.

¶ 8         The presentence investigation report (PSI) showed defendant was age 36 at the time of the report. He attended high school through the tenth grade, ending in June 2001. In 2003, he obtained a GED and, in 2004 and 2005, he took college courses. In 2017, he obtained a certification from Midwest Technical Institute. Between June 2016 and June 2018, he was employed as a pizza maker and worked as a laborer at a landscape company. He was also self-employed, working in heating, ventilation, and air conditioning (HVAC) and flipping houses.

¶ 9         The PSI noted defendant had "an extensive" criminal record "dating back to 2000." For example, he had a 2000 juvenile adjudication. As an adult, he had 26 traffic convictions, 2 convictions of driving under the influence, 3 misdemeanor convictions, and 7 felony convictions. The felonies included attempted aggravated robbery, aggravated battery, domestic battery, and drug offenses. Defendant had served four terms in prison and was on bond in another case when he committed the current crimes. Defendant had pending felony charges of domestic battery, aggravated domestic battery, driving on a suspended license, violation of an order of protection, and two drug offenses. A public safety assessment report scored defendant at

six on a new-criminal-activity scale, ranging from one to six, and four on a failure-to-appear scale, ranging from one to six. The assessment also included a new-violent-criminal-activity flag.

¶ 10     Defendant reported he had no relationship with his father when he was growing up. However, as an adult, he and his father were cellmates at Taylorville Correctional Center and formed a relationship. His father died 10 months after being released. Defendant spoke weekly with his mother, who suffered from substance-abuse and mental-health issues. Defendant had a "complicated" relationship with a sister and no contact with a half-brother.

¶ 11     Defendant reported he had a son, born May 1, 2007, with J.K., who was the victim in defendant's previous criminal convictions in 2010 of aggravated battery and domestic battery. On July 24, 2017, a court entered a plenary order of protection, and defendant was granted weekly supervised visits with his son. Defendant stated he was bonded with his son, spoke to him frequently on the phone, visited him every other weekend, and was teaching him "the remodeling trade."  Defendant indicated his son was "currently mad at him due to his criminal charges."

¶ 12     Defendant reported he began drinking alcohol at age 15 and stated that he was under the influence of alcohol and Percocet at the time of the offenses. He began using cannabis at age 14 and normally used it every day. He also used cocaine between ages 18 and 24, used acid a few times between ages 15 and 22, and used heroin daily from ages 17 to 24. Beginning at age 32, defendant took Percocet pills daily without a prescription until the current offenses occurred when he was 35 years of age. Defendant did not believe he was in current need of drug treatment. He was previously diagnosed with attention deficit disorder.

¶ 13     Regarding his version of the offense, defendant stated in part: "This case is not a regular domestic/OP type of case as the court is aware that some women do use a OP for a type

of control [and] manipulation." Defendant also said another man "has been beating [M.G.] for years [and] will continue to long after you sentence me." He added: "As a man I knew I shouldn't of been messing around with a jealous 21 year old. But like I have said in your courtroom I did what I did in the name of justice." M.G. did not file a victim impact statement.

¶ 14        At the sentencing hearing, the court entered the PSI into evidence. The State did not present any other evidence in aggravation, and defendant did not present any other evidence in mitigation. The State sought sentences of seven years for the conviction of escape and four years for the conviction of violation of an order of protection. Defendant asked for a total sentence of three years, arguing his last felony conviction was in 2010, he had changed since that time, and he was not a threat to society. Defendant declined to make a statement in allocution.

¶ 15        The trial court sentenced defendant to concurrent extended-term sentences of nine years' incarceration for escape and five years' incarceration for violation of an order of protection. The court stated it considered all statutory factors in aggravation and mitigation. The court noted defendant had a "very long prior record and a very serious prior record," including violent offenses. The court also noted defendant's multiple terms of incarceration and stated, "defendant doesn't seem to understand or grasp the nature of his conduct." The court further opined defendant did not seem to understand his conduct was unlawful. The court acknowledged defendant was intelligent, seemed to have a "halfway decent work ethic," and had a difficult family upbringing. However, the court stated, "I just think that he has no desire to change his conduct to conform with the law."

¶ 16        Defendant filed a motion to reconsider and a supplemental motion to reconsider, arguing in part his multiple convictions violated the one-act, one-crime rule because they were based on the same physical act. He also argued the court must reduce his extended-term sentence

for violation of an order of protection to the statutory maximum of three years. Defendant further asked the court to reconsider the nine-year sentence for escape, arguing the sentence did not adequately consider mitigating factors, including that over 10 years had passed since his last felony conviction, he had become an HVAC technician with consistent work, had purchased a house, and had a teenage son in high school.

¶ 17        At the hearing on the motions, the trial court did not specifically address the one-act, one-crime rule, but stated that "all of the motions that I made pre-trial I believe I made the correct rulings on." The court stated its sentence was not excessive and was based on defendant's prior record and other considerations in aggravation and mitigation, and "all statutory factors." The State conceded the extended-term sentence for violation of an order of protection should be reduced to three years. See *People v. Jordan*, 103 Ill. 2d 192, 206 (1984). The court reduced that sentence to three years and otherwise denied the motions. This appeal followed.

¶ 18                            II. ANALYSIS

¶ 19                       A. One-Act, One-Crime Rule

¶ 20        Defendant contends his conviction of escape and conviction of violation of an order of protection violate the one-act, one-crime rule because both were based on the same act of being within 500 feet of the exclusionary zone surrounding the same Bloomington address on the same date and time. The State concedes error, and we accept the State's concession.

¶ 21        "A criminal defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act." *People v. Curtis*, 354 Ill. App. 3d 312, 328 (2004) (citing *People v. King*, 66 Ill. 2d 551, 566 (1977)). In analyzing the issue, we first ascertain whether the defendant's conduct consisted of a single physical act or separate acts. *Curtis*, 354 Ill. App. 3d at 328. An " '[a]ct' " is "any overt or outward manifestation which will

support a different offense." *King*, 66 Ill. 2d at 566. "An alleged violation of the one-act, one-crime rule is reviewed *de novo*." *People v. May*, 2021 IL App (4th) 190893, ¶ 51.

¶ 22    When there are multiple convictions based on the same physical act, the conviction on the less serious offense should be vacated and the conviction on the more serious offense should stand. *May*, 2021 IL App (4th) 190893, ¶ 54. To determine which offense is the more serious, a reviewing court compares the relative punishments prescribed by the legislature for each offense. *May*, 2021 IL App (4th) 190893, ¶ 54.

¶ 23    Here, defendant was charged with escape based on his failure to comply with a term of the electronic monitoring program by entering the 500-foot exclusionary zone at an address in Bloomington, Illinois, on September 2, 2020. Likewise, he was charged with violating an order of protection based on the same act of entering the same 500-foot exclusionary zone on the same date. No other physical acts were alleged. Thus, defendant was impermissibly convicted of multiple offenses based on precisely the same act. Accordingly, we accept the State's concession and vacate defendant's conviction and sentence for violation of an order of protection which, as a Class 4 felony, is a less serious offense than defendant's conviction of Class 3 felony escape. See 720 ILCS 5/12-3.4(d) (West 2020); 730 ILCS 5/5-4.5-40(a) (West 2020); 730 ILCS 5/5-4.5-45(a) (West 2020); 730 ILCS 5/5-8A-4.1(a) (West 2020).

¶ 24    B. Excessive Sentence

¶ 25    Defendant next contends his nine-year sentence for escape is excessive. He argues the trial court failed to give adequate weight to the factors in mitigation, particularly the fact that over 10 years had passed since his last felony conviction, he had become an HVAC technician with consistent work, had purchased a house, and has a teenage son in high school.

¶ 26        "A sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Little*, 2011 IL App (4th) 090787, ¶ 22. The trial court has discretion when sentencing, and we will not reverse the court's decision absent an abuse of that discretion. *People v. Snyder*, 2011 IL 111382, ¶ 36.

¶ 27        In determining what sentence to impose, the trial court may consider (1) the defendant's history, character, and rehabilitative potential; (2) the seriousness of the offense; (3) the need to protect society; and (4) the need for punishment and deterrence. *People v. Klein*, 2022 IL App (4th) 200599, ¶ 34. The seriousness of the offense is the most important sentencing factor, and the trial court need not give greater weight to rehabilitation or mitigating factors than to the severity of the offense. *People v. Aquisto*, 2022 IL App (4th) 200081, ¶ 112.

¶ 28        "The trial court is not required to expressly indicate its consideration of all mitigating factors and what weight each factor should be assigned." *People v. Kyse*, 220 Ill. App. 3d 971, 975 (1991). Instead, it is presumed the trial court considered all relevant mitigating and aggravating factors in fashioning the sentence, and that presumption will not be overcome absent explicit evidence from the record the trial court failed to consider mitigating factors. *People v. Flores*, 404 Ill. App. 3d 155, 158 (2010). We may not substitute our judgment for that of the trial court merely because we might have weighed a factor differently. *Klein*, 2022 IL App (4th) 200599, ¶ 37.

¶ 29        Here, defendant's sentence of nine years' incarceration for escape was within the statutory range. Defendant's criminal record subjected him to an extended-term sentence. See 730 ILCS 5/5-5-3.2(a)(3) (West 2020). Escape is a Class 3 felony. 730 ILCS 5/5-8A-4.1(a) (West 2020). An extended-term Class 3 felony is punishable by a term of not less than 5 years

and not more than 10 years in prison. 730 ILCS 5/5-4.5-40(a) (West 2020). Thus, defendant faced a possible maximum term of 10 years' incarceration.

¶ 30　　　　In imposing the sentence, the trial court reasonably noted the seriousness of the offense, defendant's criminal history, and his risk of recidivism. While defendant argues the court failed to adequately consider that his last felony conviction was in 2010, as the trial court observed, defendant's overall record was particularly lengthy and serious. In particular, he committed his crimes while he was on bond in another case. A public safety assessment report also scored defendant at six on a new-criminal-activity-scale ranging from one to six and four on a failure-to-appear-scale ranging from one to six. The assessment also included a new-violent-criminal-activity flag. We further note defendant failed to take responsibility for his actions. In the PSI he indicated the actions of the victim or another man excused his behavior. He also declined to make a statement in allocution.

¶ 31　　　　Defendant also argues the court failed to give adequate weight to his work ethic, home purchase, and that he had a teenage son in high school. In his reply brief, he argues the court failed to consider his relationship with his son as a statutory factor in mitigation. See 730 ILCS 5/5-5-3.1(18)(D) (West 2020). But the court specifically acknowledged defendant's work history and general family history. While the court did not specifically address defendant's home or son, it stated it considered all relevant statutory factors and reasonably found they did not outweigh the factors in aggravation. Then, at the hearing on the motion to reconsider, the court again specifically stated it considered all statutory factors. Accordingly, we do not agree defendant overcame the presumption the trial court considered all relevant mitigating and aggravating factors in fashioning the sentence. We also will not reweigh the factors. Accordingly, the trial court's sentence was not an abuse of discretion.

¶ 32                                    III. CONCLUSION

¶ 33        For the reasons stated, we affirm defendant's conviction and sentence for escape but vacate his conviction for violation of an order of protection.

¶ 34        Affirmed in part and vacated in part.