NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230528-U

NOS. 4-23-0528, 4-24-0059 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 10, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| SHANE ROBERT EDWARD LONG, | ) | No. 20CF922 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) The trial court properly dismissed defendant's petition for postconviction relief at the first stage because he failed to state the gist of a constitutional claim of ineffective assistance of appellate counsel and (2) the trial court properly dismissed his petition for relief from judgment *sua sponte* because the petition failed to raise any matters relating to evidence that was discovered after his trial.

¶ 2    Defendant Shane Robert Edward Long appeals from orders of the trial court (1) summarily dismissing his petition for postconviction relief and (2) dismissing his petition for relief from judgment. We find no error and affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. Trial Proceedings

¶ 5        We recounted the trial proceedings at greater length in our decision on defendant's direct appeal, so we will only briefly summarize the relevant facts here. See *People v. Long*, 2022 IL App (4th) 220230-U, ¶¶ 5-17.

¶ 6        Defendant was charged with one count of escape (failure to comply with a condition of the electronic monitoring or home detention program) (730 ILCS 5/5-8A-4.1(a) (West 2020)) and one count of violating of an order of protection (720 ILCS 5/12-3.4(a)(1) (West 2020)). Both charges alleged that defendant had entered an exclusion zone of 500 feet of a particular residence in Bloomington, Illinois. The indictment for escape specifically alleged that "defendant, a person charged with a felony in McLean County Case 2020-CF-836 and conditionally r[e]leased from the supervising authority through an electronic monitoring program, knowingly violated a condition of the electronic monitoring program by entering and remaining within the exclusion zone."

¶ 7        Before trial, defendant validly waived counsel pursuant to Illinois Supreme Court Rule 401 (eff. July 1, 1984). During the Rule 401 colloquy, the trial court confirmed that defendant understood the specific allegations in the indictment; the court emphasized that defendant would be held to the same standards as an attorney and would not be able to complain on appeal that he received the ineffective assistance of trial counsel. See *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[W]hatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' ").

¶ 8        Defendant proceeded to represent himself at trial and sentencing. At no point before or during trial did defendant address the provisions of the Unified Code of Corrections (Unified Code) defining "supervising authority" and "electronic monitoring" or the provisions governing

notice and written consent to electronic monitoring (730 ILCS 5/5-8A-2, 5-8A-4, 5-8A-5 (West 2020)).

¶ 9          At trial, the State introduced an "Order for Electronic Monitoring" entered by the trial court. The order provided that defendant was "to be placed on the appropriate monitoring program hooked up by CAM Systems and supervised by McLean County Court Services" and that "[d]efendant [was] to comply with and complete the following conditions," including "GPS monitoring with Exclusion Zones of 500 feet from the protected address(es) as a condition of Pretrial Supervision." Defendant objected to the introduction of the order because it had not been produced in discovery; the court admitted the order over this objection.

¶ 10         Over the same objection, the trial court took judicial notice of facts from the court files, including that

> "the following special conditions of bond were ordered: *** 2. That [defendant] not go within [the exclusion zone.] 3. That the court also entered an Order for Electronic Monitoring order that the defendant comply with GPS monitoring via a GPS monitoring ankle bracelet provided by a private company called CAM Systems that would monitor whether he came within [the exclusion zone]."

Pursuant to Illinois Rule of Evidence 201(g) (eff. Jan. 1, 2011), the court informed the jury that it could, but was not required to, accept the judicially noticed facts as conclusive.

¶ 11         At the jury instruction conference, the State tendered two instructions from the Illinois Pattern Jury Instructions, Criminal (hereinafter IPI Criminal), both drawn from the language of the escape statute (730 ILCS 5/5-8A-4.1(a) (West 2020)).

¶ 12         The first instruction, based on IPI Criminal No. 22.76 (eff. Feb. 8, 2019), provided:

"To sustain the charge of escape, the State must prove the following propositions:

*First Proposition:* That the defendant was charged with a felony; and

*Second Proposition:* That the defendant was conditionally released from a supervising authority through an electronic monitoring program; and

*Third Proposition:* That the defendant knowingly violated a condition of the electronic monitoring program by entering the exclusion zone ***.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

Defendant "object[ed] on prejudicial knowingly violates." The trial court gave the instruction over defendant's objection.

¶ 13    The second instruction provided that "[a] person charged with a felony commits the offense of escape when he is conditionally released from a supervising authority through an electronic monitoring program and he knowingly violates a condition of the electronic monitoring program by entering the exclusion zone." See IPI Criminal No.    22.75 (eff. Feb. 8, 2019). Defendant "object[ed] to prejudicial evidence." The trial court gave the instruction over defendant's objection.

¶ 14    In its closing argument, the State addressed the second proposition as follows:

"The second proposition is that the defendant was conditionally released from a supervising authority through an electronic monitoring program, which is a long way of saying that he had been released from jail on his ankle monitor.

You will see when you get the documents back and are going through them that we have proven that not only by the judicial notice that was taken and read to you in court, but through the documents themselves that you will look at. You will see the order for electronic monitoring that was entered ordering the defendant to comply with the GPS program. You will see the bond form that shows that he had been released on this program with the date of release. You will see his signature, or what purports to be his signature, on that bond form along with the conditions that, again, reiterates what you've heard me and others say over and over throughout this trial, 500 feet of that protected residence. That's what this was all about. And the defendant was told this and knew this over and over as demonstrated by the orders that you will have a chance to review.

We also know that he was on that electronic monitoring program because he did, in fact, have an ankle monitor at the time of his arrest. You heard testimony about that from Sergeant Thornton, and you saw a couple of photographs of the monitor after it had been removed from his person."

Defendant did not object to the prosecutor's characterization of the escape statute and did not address the second proposition in his own closing argument.

¶ 15     The jury convicted defendant on both counts against him. Defendant moved for a judgment of acquittal and for a new trial. For the first time, defendant challenged the validity of the order for electronic monitoring based on other sections of the Unified Code, arguing that the

State had failed to produce evidence that he had been notified that "violation of the order for home detention m[ight] subject [him] to prosecution for the crime of escape" (730 ILCS 5/5-8A-4(H) (West 2020)) or that he had consented to the electronic monitoring program in writing (see *id.* § 5-8A-5(A)). The trial court denied defendant's motions. Defendant was ultimately sentenced to concurrent sentences of nine years' imprisonment for escape and three years' imprisonment for violating the order of protection.

¶ 16        Defendant appealed.

¶ 17                                B. Direct Appeal

¶ 18        Defendant's appointed counsel raised two issues on direct appeal.

¶ 19        First, counsel argued that defendant's convictions for escape and for violating an order of protection violated the one-act, one-crime rule because they were based on the same physical act, *i.e.*, defendant's entry into the exclusion zone. The State conceded this issue, so we accepted the concession and vacated defendant's conviction and three-year sentence for violating an order of protection, the less serious offense. *Long*, 2022 IL App (4th) 220230-U, ¶¶ 20-23.

¶ 20        Second, counsel argued that defendant's nine-year sentence for escape was excessive because the trial court failed to give adequate weight to the mitigating factors. Because the court adequately considered and weighed all relevant factors, we found no abuse of discretion and affirmed. *Id.* ¶¶ 25-31.

¶ 21        We issued our mandate on January 18, 2023.

¶ 22                        C. Petition for Postconviction Relief

¶ 23        On April 3, 2023, defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)).

¶ 24        In his petition, defendant raised the following four issues:

"I Challenge the Face of the Indictment that by Illinois Statue 730 ILCS 5/5-8A-2(E) (2020) a Trial Court is Not considered a 'Supervising Authority' to place [defendant] in the Electronic Monitor Program.

I Challenge the Indictment for the fact there was no Probable Cause presented to the Grand Jury to Indict [defendant] on Escape—730 ILCS 5/5-8A-4.1A (2020).

I Challenge the Conviction of 'Escape' for Retroactivity to the New Substantive Rule change of 730 ILCS 5/5-8-4.1(A) (2021), by changing the 'class of conduct' to at least 48 hrs in Violation of Electronic Monitor for a Class 3 Felony of 'Escape.'

I Challenge the Conviction on the Sufficiency of the Evidence at Trial to Sustain a Conviction of Escape—730 ILCS 5/5-8A-4.1(A) (2020)."

Defendant asserted that his appellate counsel was ineffective for not raising these issues on direct appeal.

¶ 25        The trial court dismissed defendant's petition on May 10, 2023, concluding that it was frivolous and patently without merit. The court found that the claims could have been raised on direct appeal and that appellate counsel was not ineffective for failing to raise them because none of the claims had merit at the trial court level.

¶ 26        Defendant appealed. The appeal was docketed in this court as case No. 4-23-0528; at defendant's request, we appointed a second attorney to represent him. Appellate counsel then filed a motion to withdraw, stating that defendant had unequivocally communicated that he wished to represent himself. We granted the motion and allowed defendant to proceed *pro se*. This appeal has now been fully briefed.

¶ 27                    D. Petition for Relief From Judgment

¶ 28          On October 2, 2023, while briefing was pending in appellate case No. 4-23-0528, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)), arguing that his conviction was "void" because the "Trial Court *** &/or Pretrial Division or department did not have the 'Supervising Authority' to enter a[n] order for electronic monitoring as a condition of pre-trial release in Case 20-CF836." The State did not file a response.

¶ 29          The trial court dismissed defendant's petition *sua sponte* on November 21, 2023, concluding that the petition raised issues that had been resolved against him on direct appeal and in the court's previous order dismissing his petition for postconviction relief; therefore, the petition for relief from judgment was barred by *res judicata*.

¶ 30          Defendant appealed. The appeal was docketed in this court as case No. 4-24-0059; on defendant's motion, we appointed a third attorney to represent him. Appellate counsel then filed a motion to withdraw, arguing that the appeal presented no issues of arguable merit. Defendant failed to respond, so we took the motion with the case. Because the underlying issues in case No. 4-24-0059 were also raised in case No. 4-23-0528, we consolidated the appeals *sua sponte*.

¶ 31                              II. ANALYSIS

¶ 32                    A. Petition for Postconviction Relief

¶ 33          On appeal, defendant has distilled the various claims in his petition for postconviction relief into a single argument that "his conviction of Escape-failure to comply with a condition of the electronic monitoring program was improper and *** his Appellate Attorney was Ineffective for failing to raise on Appeal that [defendant] was not proven guilty beyond a reasonable doubt at Trial." According to defendant, the trial court's order for electronic monitoring

did not actually place him as a participant in the electronic monitoring program because (1) the trial court is not a "supervising authority" that could establish conditions of "electronic monitoring" as those terms are defined in the Unified Code (see 730 ILCS 5/5-8A-2(A-20), (E) (West 2020)); (2) he was not given "[n]otice *** that violation of the order for home detention m[ight] subject [him] to prosecution for the crime of escape as described in Section 5-8A-4.1" (*id.* § 5-8A-4(H)); and (3) he never provided "written consent *** to comply with the rules and regulations of the program as stipulated in subsections (A) through (I) of Section 5-8A-4" (*id.* § 5-8A-5). Because the State failed to produce sufficient evidence on these matters, defendant argues, his conviction must be reversed outright and his appellate counsel was ineffective for failing to argue as much on direct appeal.

¶ 34    We note that defendant raised unrelated claims in his petition for postconviction relief; however, he addresses only this claim in his opening brief, so we limit our consideration to this claim. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 35                    1. *Legal Standard*

¶ 36    The Act states:

"Any person imprisoned in the penitentiary may institute a proceeding under this Article if the person asserts that:

(1) in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a) (West 2022).

¶ 37    As this court has explained:

- 9 -

"The [Act] provides defendants with a vehicle to allege violations of their constitutional rights that were not, and could not have been, raised on direct review. *People v. Allen*, 2015 IL 113135, ¶ 20. Proceedings under the Act occur in three stages. *Id.* ¶ 21. At the first stage, the trial court considers the petition without input from the parties and may only dismiss where it is 'frivolous or patently without merit.' *Id.* ¶ 25. A frivolous petition relies on ' "an indisputably meritless legal theory or a fanciful factual allegation." ' *Id.* (quoting *People v. Hodges*, 234 Ill. 2d 1, 16 (2009)). Our supreme court has defined meritless legal theories as those 'completely contradicted by the record' and fanciful factual allegations as based on 'fantastic or delusional' scenarios. (Internal quotation marks omitted.) *Id.* First-stage pleading standards are 'forgiving.' *Id.* ¶ 43. The Act intends that most petitions be tested through the later adversarial stages. See *id.* ¶ 25 (there are 'limited number of reasons for summary dismissal'); see also *Hodges*, 234 Ill. 2d at 9 (at [the] first stage [the] 'threshold for survival is low')." *People v. Hayes*, 2022 IL App (1st) 190881-B, ¶ 23.

"The summary dismissal of a postconviction petition is reviewed *de novo*." *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 38        It is well established that

"[p]ostconviction proceedings are collateral to proceedings on direct appeal and, thus, focus on constitutional claims that have not and could not have been previously adjudicated. [Citation.] For that reason, the doctrine of *res judicata* bars issues that were raised and decided on direct appeal, and forfeiture precludes issues

that could have been raised but were not." (Internal quotation marks omitted.) *People v. Moore*, 2023 IL App (4th) 210245, ¶ 44.

These procedural barriers apply at the first stage (*People v. Blair*, 215 Ill. 2d 427, 443 (2005)) and will only "be relaxed in three circumstances: where fundamental fairness so requires, where the [procedural barrier] stems from the ineffective assistance of appellate counsel, or where the facts relating to the claim do not appear on the face of the original appellate record" (*People v. Williams*, 209 Ill. 2d 227, 233 (2004)).

¶ 39        Here, defendant argues that his forfeiture should be relaxed because his appellate counsel was ineffective for failing to raise an issue on direct appeal. "A criminal defendant is guaranteed the effective assistance of appellate counsel as of right [citations], and a claim of ineffective assistance of counsel on appeal is cognizable under the [Act] [citation]." *People v. Mack*, 167 Ill. 2d 525, 531 (1995). This constitutional right is freestanding in that it may provide a basis for postconviction relief even if the underlying issue does not involve a trial error of constitutional dimension. See, *e.g.*, *People v. English*, 2013 IL 112890, ¶¶ 31-35 (addressing appellate counsel's failure to argue in favor of a new interpretation of a statute).

¶ 40        At the second stage of postconviction proceedings, the relevant standard for evaluating defendant's claim of ineffectiveness would be as follows:

"The two-pronged *Strickland v. Washington*, 466 U.S. 668 *** (1984), test applies to claims of ineffective appellate counsel. [Citation.] A defendant who claims that appellate counsel was ineffective for failing to raise an issue on appeal must allege facts demonstrating such failure was objectively unreasonable and that counsel's decision prejudiced defendant. [Citation.] If the underlying issue is

nonmeritorious, the defendant has suffered no prejudice. [Citation.]" *People v. Rogers*, 197 Ill. 2d 216, 223 (2001).

The Seventh Circuit has described the *Strickland* test as follows:

"[If] appellate counsel failed to raise a significant and obvious issue, the failure could be viewed as deficient performance. If an issue which was not raised may have resulted in a reversal of the conviction, or an order for a new trial, the failure was prejudicial. *** Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

¶ 41 At the first stage, however, the standard is more lenient; the petition needs only to allege that " '(i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced.' " (Emphases in original.) *Tate*, 2012 IL 112214, ¶ 19 (quoting *Hodges*, 234 Ill. 2d at 17). As with any petition under the Act, dismissal is only appropriate at the first stage "if the petition's allegations, taken as true, fail to present the gist of a meritorious constitutional claim." *People v. Collins*, 202 Ill. 2d 59, 66 (2002).

¶ 42 Synthesizing these various standards leads to the following: Defendant may present the gist of a constitutional claim under the Act by (1) identifying the underlying issue that appellate counsel could have raised on direct appeal but did not, resulting in forfeiture; (2) showing arguable prejudice, *i.e.*, that the underlying issue was arguably meritorious and could have resulted in a more favorable outcome than he actually received on direct appeal; and (3) showing arguable deficiency, *i.e.*, that the underlying issue was arguably stronger than the issues appellate counsel decided to raise, considering the state of the law at the time of that decision. We conclude that

defendant has satisfied the first component of this inquiry, but he failed to satisfy the second component, so we decline to address the third.

¶ 43                                    2. *Identifying the Underlying Issue*

¶ 44        Defendant frames the underlying issue as a challenge to the sufficiency of the evidence, which is "cognizable for the limited purpose of determining whether appellate counsel's failure to raise the sufficiency of the evidence on direct appeal constituted ineffective assistance." *People v. Franzen*, 251 Ill. App. 3d 813, 822 (1993). We find that appellate counsel could have raised this issue for the first time on appeal because the record shows that defendant did not procure, invite, or acquiesce in the admission of the evidence that he now claims is insufficient. See *People v. Woods*, 214 Ill. 2d 455, 470, 475 (2005).

¶ 45        However, we think defendant's challenge to the correctness of the jury's conclusion goes more to the legal adequacy of the jury's *instructions* than the sufficiency of the evidence supporting the jury's *findings* based on those instructions. See *People v. Hopp*, 209 Ill. 2d 1, 8 (2004) ("The function of jury instructions is to convey to the jurors the law that applies to the facts so they can reach a correct conclusion."). Defendant's framing of his argument is not fatal to his petition because "a *pro se* petitioner is not required to use precise legal language" (*People v. Knapp*, 2020 IL 124992, ¶ 50), and even parties represented by counsel may improperly use the phrase "sufficiency of the evidence" to refer to what is really a trial error (*People v. Casler*, 2020 IL 125117, ¶ 66).

¶ 46        Accordingly, we find that defendant has fairly identified a second underlying issue that his appellate counsel could have raised on direct appeal: whether the trial court committed plain error by failing to *sua sponte* instruct the jury on his current legal theories that the term

"supervising authority" does not include the trial court and that the electronic monitoring program was invalid without his informed written consent.

¶ 47                                     3. *Arguable Prejudice*

¶ 48        We next consider whether defendant has showed that these two underlying issues are arguably meritorious; if not, defendant has not shown arguable prejudice. See *Rogers*, 197 Ill. 2d at 223.

¶ 49                              a. Sufficiency of the Evidence

¶ 50        Defendant argues that appellate counsel should have raised the issue that the evidence at trial was insufficient to sustain his conviction for escape. "When a defendant challenges the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Woods*, 214 Ill. 2d at 470 (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *People v. Cunningham*, 212 Ill. 2d 274, 278 (2004)).

¶ 51        The key flaw with defendant's overall challenge to the jury's finding of guilt is that it relies on provisions of the Unified Code about which the jury was never instructed: the definition of "supervising authority," the definition of "electronic monitoring," and the provisions governing notice and written consent to electronic monitoring. 730 ILCS 5/5-8A-2, 5-8A-4, 5-8A-5 (West 2020). However, it was the *trial court's* obligation to address any relevant questions of statutory interpretation and to instruct the jury accordingly. See *People v. Hartfield*, 2022 IL 126729, ¶ 51. In the absence of instructions addressing defendant's current legal theories, the jury was left to decide his guilt based on its common understanding of the terms used in the jury instructions, which were drawn solely from section 5-8A-4.1 (730 ILCS 5/5-8A-4.1 (West 2020)). The jury

cannot be faulted if its common understanding differed from a specialized meaning ascribed to those terms in a statute or judicial decision about which it was never instructed. It is essential to remember here that we are examining the jury's decision *as instructed*; the propriety of those instructions is a separate issue and will be addressed below.

¶ 52        For this reason, "[w]e determine [whether] the evidence was sufficient under the instruction[s] that w[ere] given," even if those instructions were based on an erroneous interpretation of the law. *Casler*, 2020 IL 125117, ¶ 65. Similarly, we consider all of the evidence admitted at trial when making a sufficiency determination, even if the trial court erroneously admitted some of that evidence. *People v. McKown*, 236 Ill. 2d 278, 311 (2010). Here, we conclude that defendant has not raised an arguably meritorious claim that *under the instructions given*, the jury's decision to convict him was irrational.

¶ 53        The evidence showed that defendant was in a program that monitored his location through an electronic ankle monitor and that he was being supervised by at least one of three authorities (the trial court, McLean County Court Services, and CMS Systems) on a condition that he stay out of the exclusion zone. Applying its ordinary understanding of the language in the instructions given, a rational jury could obviously conclude that defendant was "conditionally released from a supervising authority through an electronic monitoring program" (730 ILCS 5/5-8A-4.1(a) (West 2020)) and that "a condition of the electronic monitoring program" (*id.* § 5-8A-4.15(a)) was that he stay out of the exclusion zone. Because defendant's claim that no rational jury could reach this conclusion is completely contradicted by the record, it is meritless; therefore, we find that he has not shown arguable prejudice from appellate counsel's failure to raise this issue.

¶ 54                              b. Jury Instructions

- 15 -

¶ 55 We now pivot to the entirely separate question of whether the jury *should have been* instructed on defendant's current legal theories. *Cf. People v. Duffie*, 2022 IL App (2d) 210281, ¶¶ 9, 21 (finding that trial court properly declined to instruct the jury that notice was an element of the offense of escape); *People v. Rogers*, 2012 IL App (1st) 102031, ¶ 62 (finding that the jury should have been instructed on the contested issue of whether "day reporting" was a condition of the defendant's electronic monitoring program). We note that while a conviction based on insufficient evidence is subject to outright reversal on direct appeal (*Casler*, 2020 IL 125117, ¶ 60), the remedy for a conviction based on inadequate jury instructions is a new trial in front of a properly instructed jury (*People v. Hale*, 2012 IL App (4th) 100949, ¶ 25).

¶ 56 At trial, defendant could easily have asked the trial court to instruct the jury on the statutory definitions of the terms "supervising authority" and "electronic monitoring" pursuant to Illinois Supreme Court Rule 451(c) (eff. Apr. 8, 2013). See *People v. Turner*, 128 Ill. 2d 540, 562 (1989) ("It is the burden of the party who desires a specific instruction to present it to the court and request that it be given to the jury."). Furthermore, defendant could have specifically asked the trial court to instruct the jury on his theories that the term "supervising authority" does not include the trial court and that the electronic monitoring program was invalid without his informed written consent. *Cf.* IPI Criminal No. 11.87A (approved Dec. 8, 2011) ("The phrase 'follows another person' does not include a following within the residence of the defendant."); IPI Criminal No. 18.41[2] (approved Dec. 8, 2011) (requiring the State to prove consent as an element of an offense). If the trial court determined that any of defendant's tendered instructions accurately stated the law and should have been given to the jury, it could have given them. Ill. S. Ct. R. 451(a) (eff. Apr. 8, 2013). If it decided not to give any of defendant's tendered instructions, defendant

could have challenged that decision on direct appeal. See, *e.g.*, *People v. Rutigliano*, 2020 IL App (1st) 171729, ¶ 68.

¶ 57　　　　However, defendant failed to tender any such instructions, so he forfeited this issue. *People v. Anderson*, 325 Ill. App. 3d 624, 636 (2001) ("[N]o party may raise on appeal the failure to give any instruction unless he tendered it to the court."). Defendant represented himself at trial, so he cannot blame this forfeiture on the ineffective assistance of trial counsel. See *Faretta*, 422 U.S. at 834 n.46. Accordingly, the only way that appellate counsel could have raised this issue on direct appeal was through the plain-error doctrine, which applies to "unpreserved jury instruction errors pursuant to Rule 451(c)." *Hartfield*, 2022 IL 126729, ¶ 49.

¶ 58　　　　As with plain errors under Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967), the alleged error must truly have been plain, *i.e.*, clear or obvious. *Id.* ¶ 50. The supreme court has explained that under this strict test, "the erroneous omission of a jury instruction rises to the level of plain error only when the omission creates a serious risk that the jurors incorrectly convicted the defendant because they did not understand the applicable law, so as to severely threaten the fairness of the trial." *Hopp*, 209 Ill. 2d at 8; *cf. Henderson v. Kibbe*, 431 U.S. 145, 155 (1977) (finding no constitutional violation resulted from an omitted instruction when the defendant's "claim of prejudice [wa]s based on the failure to give any explanation beyond the reading of the statutory language itself of the [omitted] element"). A trial court's failure to instruct the jury on an element of the offense *sua sponte* warrants reversal when it " 'remove[s] from the jury's consideration a disputed issue essential to the determination of [the] defendant's guilt or innocence.' " *Hopp*, 209 Ill. 2d at 8 (quoting *People v. Ogunsola*, 87 Ill. 2d 216, 223 (1981)); see *People v. Mohr*, 228 Ill. 2d 53, 65 (2008) ("The task of a reviewing court is to determine whether

the instructions, considered together, fully and fairly announce the law applicable to the theories of the State and the defense.").

¶ 59    In conducting this inquiry, the reviewing court would have had to "consider[ ] the effect that the omission had on [the] defendant's trial" (*Hopp*, 209 Ill. 2d at 10) and would have had to "answer two preliminary questions. First, what would a correct instruction have told the jury? Second, what was the essential disputed issue in this case?" *Id.* at 12. On the first preliminary question, defendant is essentially arguing that the jury should have been told that the term "supervising authority" did not include the trial court and that the electronic monitoring program was invalid without his informed written consent. We need not decide whether these instructions would have been correct, however, because defendant's argument fails on the second preliminary question.

¶ 60    It was clear as soon as defendant was indicted that the State would need to prove that he was "conditionally released from the supervising authority through an electronic monitoring program" and "knowingly violated a condition of the electronic monitoring program by entering and remaining within the exclusion zone." When defendant waived counsel, he confirmed that he understood this charge, and he had ample opportunity before and during trial to address (1) whether the trial court was a supervising authority and (2) whether the electronic monitoring program was valid without his informed written consent. However, the first time these issues appear in the record is in defendant's posttrial motions, too late for the State or the court to address them at trial. *Contra id.* at 14 (noting that the alleged instructional error involved "the essential disputed issue" at trial).

¶ 61    In the absence of any record support to show that this issue was disputed at trial, defendant can only speculate about the effect the omission may have had on the jury's decision,

and "[s]peculation about what the jury may have thought is insufficient to show that the omission of the instruction *** severely threatened the fairness of defendant's trial and that it was plain error." See *id.* at 17; see also *People v. Underwood*, 72 Ill. 2d 124, 130 (1978) ("Enlightened trial practice does not permit [a party] under the guise of trial strategy to sit idly by and permit instructions to be given the jury without specific objection and then be given the advantage of predicating error thereon by urging the error for the first time in a post trial motion." (Internal quotation marks omitted.)). Because any argument that the trial court committed plain error by failing to *sua sponte* instruct the jury on defendant's current legal theories is completely contradicted by the record, defendant has not shown arguable prejudice from appellate counsel's failure to raise this issue.

¶ 62    Because we have found that defendant failed to show arguable prejudice on either underlying issue, we need not address arguable deficiency or the State's argument regarding judicial estoppel.

¶ 63    We also have no need to address the conclusion from the case relied on by defendant, *People v. Murphy*, 2019 IL App (4th) 170543-U, ¶ 37, that a trial court cannot be a "supervising authority" under the electronic monitoring statute. As an unpublished order from an unrelated case, *Murphy* has no precedential value or binding effect, despite defendant's arguments to the contrary. See Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023). That said, we are aware of published decisions from other districts that draw conclusions similar to that in *Murphy*. See *People v. Currey*, 2024 IL App (2d) 230099, ¶¶ 22-23 (stating that trial courts issuing pretrial release orders are not "supervising authorities"); *People v. Donahue*, 2022 IL App (5th) 200274, ¶¶ 23-24 (distinguishing between pretrial "home supervision" and "home detention"). While those cases dealt with the more anodyne task of calculating presentence custody credit, it is an altogether

different and more serious matter to suggest that a defendant released pretrial but confined to his home via electronic monitoring cannot be subject to criminal liability for violating that confinement. It is important that trial courts know whether their pretrial orders for electronically monitored home confinement bring with them the potential for criminal sanction in the event of noncompliance. The answer to that question must await a case in which the issue is squarely presented in a timely fashion. Until that point, however, the issue cannot form the basis for a plain-error argument. See *People v. Williams*, 2015 IL App (2d) 130585, ¶ 11 ("Plain-error review is reserved for errors that are clear or obvious based on law that is well settled at the time of trial." (Internal quotation marks omitted.)).

¶ 64                              B. Petition for Relief From Judgment

¶ 65        After his petition for postconviction relief was dismissed, defendant raised similar issues in his petition for relief from judgment, which the trial court also dismissed. Appellate counsel in appellate case No. 4-24-0059 argues that defendant's appeal from the court's dismissal of his petition for relief from judgment fails to present any issues of arguable merit. We agree.

¶ 66        First, we agree with counsel that the trial court's *sua sponte* dismissal of the petition was procedurally proper because the court waited the necessary 30 days before dismissing the petition. See *People v. Matthews*, 2016 IL 118114, ¶ 8.

¶ 67        Second, we agree with counsel that a petition for relief from judgment was not an appropriate vehicle for raising these issues because defendant failed to identify any "matters relating to evidence that did not appear in the record of the trial court's original proceedings and that was discovered after trial was completed." *People v. Burrows*, 172 Ill. 2d 169, 187 (1996).

¶ 68        Finally, we agree with counsel that there is no potentially meritorious argument that defendant's conviction is "void" for lack of jurisdiction. See *People v. Castleberry*, 2015 IL

116916, ¶ 15 ("[O]nly the most fundamental defects, *i.e.*, a lack of personal jurisdiction or lack of subject matter jurisdiction *** warrant declaring a judgment void." (Internal quotation marks omitted.)). The State's filing of an information in the trial court was sufficient to meet the low bar necessary to "invoke[e] the [trial] court's subject matter jurisdiction over a justiciable criminal matter." *People v. Hughes*, 2012 IL 112817, ¶ 21. "Furthermore, the trial court acquired personal jurisdiction over defendant when he personally appeared before the court." *People v. Rios*, 2013 IL App (1st) 121072, ¶ 16. As such, defendant's contention that the judgment was "void" fails on the merits.

¶ 69    Because defendant's appeal from the trial court's order dismissing his petition for relief from judgment presents no issues of arguable merit, we grant counsel's motion to withdraw.

¶ 70                III. CONCLUSION

¶ 71    For the reasons stated, we affirm the trial court's judgments.

¶ 72    No. 4-23-0528, Affirmed.

¶ 73    No. 4-24-0059, Motion granted; judgment affirmed.